UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CR394 HEA |
| ) | |
| RONALD EUGENE JONES, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Memorandum and Recommendation, [Doc. No. 178 ], of United States Magistrate Judge Terry I Adelman, pursuant to 28 U.S.C. § 636(b). Judge Adelman recommends that Defendant's Motion to Suppress the Contents of Any and All Electronic Surveillance, [Doc. 115], be denied. Defendant has filed Objections to the Memorandum and Recommendation.

When a party objects to a magistrate judge's report and recommendation, the Court must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). This includes a de novo review of the magistrate's findings of fact, including any credibility determinations. *Id.* The court has reviewed the entire record, including listening to

the audio recording of the hearings held on November 14, 2008 and reviewing the transcript thereof.

## Discussion

Defendant agrees that Judge Adelman has articulated the applicable law for a finding of probable cause under 18 U.S.C. § 2518(3), which provides that a court may issue an order for the interception of wire, oral and electronic communication only if it finds probable cause to believe that 1) a person is committing one of the crimes enumerated in 18 U.S.C. § 2515; 2) the communications concerning such offenses will be obtained through the interception, and 3) the place where the communications are to be intercepted is being used in connection with the commission of such offense. Defendant further agrees that Judge Adelman correctly stated that the probable cause requirement for a wiretap order is no different than that required by the Fourth Amendment for a search warrant. *United States v. Macklin*, 902 F.2d 1320, 1324 (8th Cir. 1990). Defendant, however, challenges Judge Adelman's conclusion that probable cause exists for each of Section 2518(3)'s requirements.

Defendant takes issue with the reliance on the confidential informant who provided information for the affidavit that was filed for the California wiretap. Defendant challenges the confidential informant's reliability and trustworthiness

because he was arrested for a drug related crime while providing information about Defendant Richard Rodriguez. The informant was terminated as a DEA informant and is now serving time in jail for the offense.

Inherent in the arena of confidential informants is the glaring fact that the confidential informant may himself be/have been involved on criminal activity. This fact can be neither avoided nor ignored. So it is, therefore, within the context and totality of the circumstances, that a confidential informant's information will be assessed in determining his reliability. In analyzing the totality of the circumstances, an informant's veracity, reliability, and basis of knowledge are all relevant and important factors. *Illinois v. Gates*, 462 U.S. 213, 230, (1983). "The core question in assessing probable cause based upon information supplied by an informant is whether the information is reliable." *United States v. Williams*, 10 F.3d 590, 593 (8th Cir.1993); *United States v. Palega*, 556 F.3d 709, 714 (8th Cir. 2009). The San Diego DEA had developed the confidential source during the course of the investigation into this matter and the confidential informant had provided reliable information to the DEA in the past.

Defendant objects to certain specific information the confidential informant provided to the DEA, *e.g.*, the information that Rodriguez wired funds to Mexico--Defendant argues that there is nothing illegal in so doing; the information regarding

a 1997 truck in St. Louis which was used to transport heroin, which the agents did not find.

As Defendant recognizes, however, it is the totality of the circumstances which must be considered in determining whether probable cause exists. Thus, the salient focus becomes, whether, considering the totality of the circumstances, there is probable cause to issue the warrant. Probable cause deals with *probabilities*, not certainty. These probabilities are the facts and practical considerations of everyday life on which reasonable and prudent persons act. *Vinegar v. United States*, 338 U.S. 160, 175 (1949). The informant not only told agents about the wire transfers to Mexico, he also included the fact that Rodriguez only used Mexican grocery stores and always used aliases when transferring the money. This information was corroborated by surveillance on Rodriguez. Implicit in this information is the reasonable conclusion that Rodriguez's actions were in furtherance of his illegal activities, since legitimate wires of money to Mexico would not require only Mexican grocery stores nor aliases. Moreover, the agents monitored the informant's telephone conversations and were aware, therefore that Rodriguez discussed drug activity on his cellular telephone.

Although Defendant argues that the confidential informant did not identify him, rather, he merely referred to an individual named "Creer,," and that "Creer" was allegedly identified to be Defendant only after the California wiretap was

obtained. This fact does not preclude finding that there was ample probable cause to issue an order to intercept the communications in California. Defendant provides no basis upon which to find that the probable cause to issue must be directly related to him. Based on the totality of the circumstances provided to the California Court, the Court agrees with Judge Adelman that there was indeed ample probable cause to issue an order to intercept the communications of Rodriguez over the cellular telephone.

With respect to the wiretaps authorized in St. Louis, Missouri, Defendant again takes issue with the conclusion that probable cause existed for the authorization. On the contrary, the totality of the circumstances establishes that probable cause was present. The affidavit in support of the authorization details Defendant's involvement in the seizure of two and one half kilos of heroin, this information having been provided authorities by a confidential informant. The information provided and the identification of Defendant as Creer, provides a sufficient nexus between the drugs in Oklahoma City and Defendant. Based on the totality of the circumstances, the affidavit provided a fair probability that the telephones sought to be monitored would produce evidence which could be used to prosecute this matter. Again, probable cause does not require certainty. Defendant urges that, admittedly there was a strong reasonable and articulable suspicion of wrongdoing, but, this is not enough. This Court however, concludes that under the

standards required, a reasonable and prudent person would conclude, not merely suspect, that wrongdoing had been occurring.

Defendant also objects to Judge Adelman's conclusion that the necessity requirement was met. This Court agrees with Judge Adelman. Testimony presented at the hearing clearly established that the agents were working in a dangerous area, that the utility companies were not entirely cooperative with requests to use their equipment; the parties involved frequently traveled outside of the United States, where agents could not follow; the targets used avoidance techniques to lose any surveillance vehicles. Defendant's objection is, therefore, clearly without merit.

Finally, with respect to minimization, the evidence and record establishes that the Assistant United States Attorney provided the agents with detailed instructions, both written and oral, as to the proper minimization procedures. Each agent had to read, and did read the procedures, even though the agent may have previously been involved in such monitoring. The agents were supervised by the case agents in this case and the Assistant United States Attorney. Defendant's objections to the manner and method of the interceptions in terms of minimizing unauthorized interceptions are denied.

**Conclusion**

Having conducted a de novo review of the Motions to Suppress and the record before the Court, Defendant's objections are overruled. The Memorandum

and Recommendation contains a very thorough analysis of the facts and applicable law.  The Court, therefore will adopt Judge Adelman's Recommendation.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Suppress the Contents of Any and All Electronic Surveillance, [Doc. 115], is **Denied**.

Dated this 30th day of April, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE